UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLA PONKE,

    Plaintiff,

v.

MCLEOD USA,

    Defendant.
                                        /

No. 07-10086

District Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**ORDER**

Before the Court is Defendant's Motion fo Leave to Participate in Settlement Conference via Telephone [Docket #23]. The settlement conference is presently scheduled for January 16, 2008. As is this Court's practice, the scheduling order requires the attendance of parties with full settlement authority. Defendant corporation states that this person is Richard Lipman, McLeod's Vice President and Associate General Counsel, whose office is located in Cedar Rapids, Iowa. Defendant requests that Mr. Lipman be permitted to participate in the settlement conference by telephone, arguing that because he is located outside this District, "[t]he physical presence of a McLeod representative will constitute an undue hardship and will not serve the efficiency of the process." Defendant further states, "Requiring Mr. Lipman to travel to Detroit to participate in the conference in person would cause the company to incur considerable time and travel expense."

It is this Court's experience that whether or not telephonic participation in a settlement

facilitation serves the "efficiency" of the process, it does nothing to enhance the likelihood of reaching a settlement, and in fact tends to impede that goal. In cases involving corporate parties, it is common in this Court for representatives to fly to Detroit from all over the country, including locales even more distant than Cedar Rapids, Iowa.

Undoubtedly, traveling from outside the Eastern District of Michigan costs both time and money, as do many other aspects of litigation. However, while there may be extraordinary situations where such costs would be sufficiently burdensome to justify relaxing the rule of personal attendance, Defendant has made no showing that requiring the presence of its corporate representative would be prohibitively expensive. Indeed, assuming the case can be settled, the potential litigation costs to both parties can be reduced.

Nevertheless, the Court will grant the Defendant's alternative request to adjourn the settlement conference to January 30, 2008.

Accordingly, Defendant's motion for telephonic participation in the settlement conference [Docket #23] is DENIED.

The settlement conference is adjourned to January 30, 2008. All parties with settlement authority are required to be present.

Parties are to submit ex parte mediation summaries (limited to 10 pages in length) directly to Magistrate Judge Whalen no later than January 16, 2008. Do not e-file ex parte mediation summaries.

SO ORDERED.

<pre>
                       S/R. Steven Whalen
                       R. STEVEN WHALEN
                       UNITED STATES MAGISTRATE JUDGE
</pre>

Dated: November 20, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 20, 2007.

<pre>
                       S/Gina Wilson
                       Judicial Assistant
</pre>